**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **SANDRA DENISE REID**,<br><br>Plaintiff,<br><br>v.<br><br>**GEORGIA DEPARTMENT OF LABOR CAREER CENTER; TIFTON COUNTY SCHOOL DISTRICT; PATRICK G. GOODMAN, MD; DAVID M. BANKS, MD; UNITED STATES DEPARTMENT OF AGRICULTURE; KEPRO QUALITY IMPROVEMENT ORGANIZATIONS**,<br><br>Defendants. | Civil Action No. 7:16-CV-229 |

**ORDER**

Plaintiff Sandra Denise Reid filed a *pro se* Complaint in this Court on December 7, 2016. (Doc. 1). For the reasons that follow, the Court dismisses Plaintiff's Complaint *sua sponte* for lack of subject matter jurisdiction, thereby mooting Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2) and Plaintiff's Motion to Appoint Counsel (Doc. 5).

**I. FACTUAL BACKGROUND**

In her Complaint, Plaintiff alleges that she was injured in a bus accident in the course of her employment with the Tift County School District. (Doc. 1, p. 4). While undergoing treatment for injuries sustained in the accident, Defendant Dr. David Banks informed Plaintiff that she had a foreign object in her knee. (Doc. 1,

p. 4). It is not clear to the Court whether this foreign object ended up in Plaintiff's knee as a result of the accident, or whether the object was already in Plaintiff's knee and was discovered during treatment for injuries sustained in the accident. Nevertheless, upon being told of the object's existence, Plaintiff wanted the object removed from her knee. (Doc. 1, p. 4). Dr. Banks allegedly refused to "help [Plaintiff] get [the object] out." (Doc. 1, p. 4). Instead, he sent her for an MRI and physical therapy. (Doc. 1, p. 4). Although the Complaint states that Dr. Banks is being named as a defendant due to "denial and harassment," Plaintiff appears to be stating a claim for medical malpractice against Dr. Banks.

Plaintiff also alleges medical malpractice, and possibly fraud, on the part of Defendant Dr. Patrick Goodman. Plaintiff claims that Dr. Goodman knew that the foreign object was in Plaintiff's knee in 2014 but never told her. (Doc. 1, p. 4). Further, Plaintiff believes that, in an attempt to cover up the fact that he knew the object was in Plaintiff's knee, Dr. Goodman changed dates in her medical records. (Doc. 1, p. 4).

In addition to claims arising from her medical treatment, Plaintiff alleges that she was denied unemployment benefits following the accident because the "Labor Department did not review [her] appeal carefully." (Doc. 1, p. 4).

## II. ANALYSIS

A district court should "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and is obligated to do so "*sua sponte* whenever [subject matter jurisdiction] may be lacking." Univ. of S. Ala. v.

Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). If a district court determines that it lacks subject matter jurisdiction, it "is powerless to continue" and must dismiss the complaint. Id.

Plaintiff has failed to adequately identify the basis for this Court's subject matter jurisdiction. Plaintiff asserts that the Court has jurisdiction over her claims both because there is diversity of citizenship and because a federal question is raised. It is clear on the face of the Complaint, however, that there is no diversity of citizenship. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Here, Plaintiff concedes that all parties reside in the State of Georgia. Accordingly, the Court lacks diversity jurisdiction over Plaintiffs' claims.

Plaintiff also fails to identify any federal question that is raised by her claims, and she has not cited a federal statute pursuant to which she is entitled to relief. In her Complaint, Plaintiff asserts that each defendant is liable for "denial and harassment." (Doc. 1, p. 2). A review of the facts alleged convinces the Court that Plaintiff intends to state claims for medical malpractice, denial of state unemployment benefits, and possibly fraud. None of these claims raises a federal question sufficient for this Court's jurisdiction. See O.C.G.A. § 51-6-1 (Georgia's fraud statute); O.C.G.A. § 51-13-1 (Georgia's medical malpractice statute); Thornton v. Albany Drivers License, No. 1:11-CV-171 (CDL), 2012 WL 3191769, at *2 (M.D. Ga. Aug. 2, 2012) (explaining that a claim for denial of state

unemployment benefits is proper in a Georgia superior court, not in federal district court).

Because there is no diversity of citizenship between the Parties, and because no federal question is raised by the allegations in the Complaint, the Court lacks subject matter jurisdiction over Plaintiff's claims.

## III. CONCLUSION

Based on the foregoing, the Court *sua sponte* dismisses Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to Proceed IFP (Doc. 2) and Motion to Appoint Counsel (Doc. 5) are **DENIED** as moot.

**SO ORDERED**, this the 10th day of May, 2017.

>    */s/ Hugh Lawson*
>    **HUGH LAWSON, SENIOR JUDGE**

les